## BRUMLEY v. BRUMLEY.

Court of Appeals of Kentucky.
March 28, 1952.

Rehearing Denied May 9, 1952.

Kirtley & Kirtley, Owensboro, for appellant.

Robertson &. James, David C. Brodie and John B. Anderson, Owensboro, for appellee.

STEWART, Justice.

Appellant and appellee were married October 15, 1944, and lived together until November 4, 1949. Eight days thereafter the husband filed suit for an absolute divorce. Two grounds were alleged in the petition, but the proof was directed toward an attempt to establish the fact that the wife had been guilty of lewd and lascivious behavior. The husband also asked for the custody of the 3 year old child, John Sherman Brumley, born unto the wife during their marriage. Appellee by her answer denied the affirmative allegations of the petition and by counterclaim asked for a divorce upon the ground of cruel and inhuman treatment, for the custody of the infant child, for temporary and permanent maintenance for the child, and for $2,500 alimony. On December 1, 1949, the parties to this suit entered into a separation agreement which settled their property rights and which also provided for the wife to have the custody of the child and for the husband to pay her a monthly sum for the child's support. Testimony was later taken by depositions on behalf of appellant. The case was submitted solely upon the husband's proof taken solely on the divorce question and the Chancellor dismissed the petition and the coun-

terclaim for the reason that neither had established a right to a divorce by sufficient evidence. The husband appeals.

KRS 403.030 provides, in so far as pertinent here, as follows: " * * * Two witnesses, or one witness and strong corroborating circumstances, shall be necessary to sustain the charge of adultery or of lewd and lascivious behavior. The credibility or good character of the witnesses must be personally known to the judge, or personally known to and certified to by the officer taking the deposition, or else it must be proved. * * *"

Was there sufficient compliance with the foregoing statutory provision that under the facts of this case the Chancellor should have granted the husband a divorce?

The evidence discloses that appellee and one Douglas Fulkerson had established a relationship that "was more than friendship". When Fulkerson and appellant would attend dances with their wives, appellant testified that his wife "would not dance with me but would dance with him (Fulkerson) all of the time." The affair between appellee and Fulkerson seemed to have reached a climax on November 4, 1949. On this day, appellant, who is a farmer, was down in the field at work. Fulkerson came out to appellant's house and stayed all morning with appellee. That afternoon, according to appellant, his wife "picked up Douglas Fulkerson at the Mecca Bar and went to Evansville and stayed two nights". This question was asked appellant and this answer was made thereto: "Q. Where was Douglas Fulkerson on November 4 and November 5, 1949? A. He was not at home. He had left home and was out of town the two days that my wife was gone. My wife said he was with her."

John R. Tong, an employee at the Mecca Bar, which was also the place of employment of Fulkerson, testified that on November 4, 1949, Fulkerson "said he was going out or going to leave town with some woman". Tong stated he had no idea who the woman was, but that Fulkerson did leave that day some time after it had become dark.

Mrs. Carolyn Fulkerson, the wife of Douglas, testified that appellee and her husband had "got a little too thick". In the taking of her deposition, she was asked where her husband was on November 4, 1949, which was on Friday. Her answer was: "He came home Friday at noon and took a bath and left and I did not see him any more until Sunday morning between 12:00 and 2:00 A. M."

The credibility of each of the above witnesses was fully established by proof, and the testimony of each of them stands uncontradicted. We think the evidence is conclusive that appellee made the trip to Evansville, Indiana, and spent two days there in company with Fulkerson. More than that, the statements of Tong and Mrs. Fulkerson strongly corroborate the evidence of appellant in this respect. We, therefore, conclude that the Chancellor should have granted a divorce to appellant While we cannot disturb a judgment granting a divorce, it is well established we can reverse a judgment refusing a divorce. Moore v. Moore, Ky., 238 S.W.2d 999.

It is our belief that the judgment should also provide for appellant to have the custody of the infant child, with the right of visitation reserved to appellee. This will necessitate appellant's working out suitable arrangements with some person for the care of the small boy, and the Chancellor shall direct that this be done.

Finally, we know of no good reason why the property settlement voluntarily entered into between the parties should not be adopted by the Chancellor and incorporated into the judgment. The record reveals no unfairness and no overreaching in connection with it.

Wherefore, the judgment is reversed with directions that a judgment be entered granting a divorce to appellant and for further proceedings not inconsistent herewith.